UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

JAIME GUADALUPE MENDOZA,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

Case No. 1:08-CV-985
(Criminal Case No. 1:06:CR:284-03)

HON. GORDON J. QUIST

## OPINION

Before the Court is Jaime Guadalupe Mendoza's ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. For the following reasons, Petitioner's motion will be denied.

**I.  Procedural History**

On April 11, 2007, Petitioner pled guilty under 21 U.S.C. § 841(a)(1) and (b)(1)(B)(ii) to possession with intent to distribute more than 500 grams of cocaine. On October 25, 2007, this Court sentenced Petitioner to 160 months incarceration, a sentence reflecting a 28 month downward variance from the recommended Sentencing Guidelines range, and judgment was entered on October 30, 2007. Petitioner's *pro se* notice of appeal, which was filed July 11, 2008, was dismissed as untimely by the United States Court of Appeals for the Sixth Circuit. On October 20, 2008, Petitioner filed this motion under 28 U.S.C. § 2255. The motion is timely.

In this § 2255 motion, Petitioner raises three claims: (1) that he was improperly classified as a "career offender" for sentencing enhancement purposes; (2) that the disparity between his sentence, 160 months, and those of his co-defendants, 34 and 37 months, for similar conduct is improper; and (3) that retained counsel, Mr. McDonagh, provided ineffective assistance in failing

to protect Petitioner from the sentencing disparity and the career offender enhancement and in failing to perfect his appeal when Petitioner so requested.

## II. Career Offender Status

Under the United States Sentencing Guidelines, "[a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1.

At the time of sentencing, Petitioner was 42 years of age and was convicted of possession with intent to distribute more than 500 grams of cocaine; the first two prongs were, therefore, satisfied. Unlike his co-defendants, Petitioner also had two prior felony convictions involving controlled substances. On January 23, 1998, Petitioner was arrested in Santa Clara, CA and charged with the unlawful sale/transport of cocaine. He pled guilty and was sentenced to 4 months in jail and 36 months probation. More than a year later, on March 25, 1999, Petitioner was arrested, again in Santa Clara, CA, for the possession/sale of cocaine. Petitioner pled guilty to the possession charge as well as a probation violation and was sentenced to two years in prison. Based on these two prior "controlled substance offenses," the Court finds that Petitioner was properly found to be a "career offender" within the meaning of § 4B1.1.

Despite Petitioner's argument to the contrary, these two offenses do not become a "single common scheme or plan" merely because the second offense happened to result in a parole violation of the first offense and sentencings for the parole violation and the second offense were consolidated. Even if, as Petitioner argues, the 2007 Amendment to § 4A1.2 of the Sentencing Guidelines were applicable, which it is not, *see United States v. Godin*, 522 F.3d 133, 134 (1st Cir. 2008) (noting that the amendment became effective November 1, 2007, after Petitioner was

sentenced, and was not given retroactive force), the result would be the same. As amended, the statute reads:

> Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day.

U.S.S.G. § 4A1.2. Thus, even under the amended § 4A1.2, Petitioner's prior offenses would be counted separately as the Petitioner was "arrested for the first offense prior to committing the second offense." *Id*.

Finally, that Petitioner's prior offenses were not "serious" does not obviate his status as a "career offender" within the meaning of § 4B1.1. Petitioner contends that because his prior convictions carried less than a ten-year minimum sentence, they were not "serious drug offenses." However, § 4B1.1 carries no such requirement. Petitioner seems to have confused the definition of a "controlled substance offense" for purposes of § 4B1.1, under which he was sentenced, and a "serious drug offense" for purposes of 18 U.S.C. § 924(e), which was *not* the basis for his sentence. While it is true that § 924(e)(2) defines "serious drug offense" as one providing for a maximum term of imprisonment of ten or more years, there is no such limitation in the definition of "controlled substance offense" for purposes of § 4B1.1. *See* U.S.S.G. § 4B1.2 ("The term 'controlled substance offense' means an offense under federal or state law, punishable by imprisonment for a term exceeding *one year*, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.") (emphasis added). Therefore, the Court finds Petitioner's argument that he does not qualify as a career offender to be without merit.

**III.     Sentencing Disparity**

The Sentencing Guidelines instruct a sentencing court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). This section is not aimed at disparities between co-defendants *in a single case*, as here, but with "*national* disparities among the many defendants with similar criminal backgrounds convicted of similar criminal conduct." *United States v. Presley*, 547 F.3d 625, 631 (6th Cir. 2008). "A district judge, however, *may* exercise his or her discretion and determine a defendant's sentence in light of a co-defendant's sentence." *Id*.

Petitioner argues that this Court failed to view the guidelines as effectively advisory in sentencing him to 160 months based on his status as a career offender when it *could have* imposed a lesser sentence in order to achieve parity between his sentence and that of his co-defendants. This argument is without merit. First and foremost, this Court must have viewed the Guidelines as advisory being that it granted Petitioner a downward variance of 28 months. In addition, the Court specifically noted the advisory nature of the Guidelines during sentencing:

> He's been convicted twice before of possession and sale of illegal drugs – one in 1998 and one in 1999. This is what makes him a career offender under the United States Guidelines, which are, of course, *advisory to me.*

(Sent. Tr. 24) (emphasis added).

Moreover, a review of the record makes clear that the disparity between Petitioner's sentence and that of his co-defendants was called to the Court's attention prior to sentencing by Mr. McDonagh's Motion for Variance, and the Court considered the issue in detail. (Mem. in Supp. of Def.'s Mot. For Variance, 3-4; Sent. Tr. 25-30). It is well-settled that § 3553(a)(6) is not aimed at disparities between co-defendants in a single case, as here, but defendants with similar criminal backgrounds convicted of similar criminal conduct. *Presley*, 547 F.3d at 631. Petitioner, unlike

4

his co-defendants, has a criminal history that qualifies him as a career offender. As such, a greater sentence is warranted. This Court calculated the applicable advisory guidelines range to be 188-235 months, but nonetheless granted a downward variance of 28 months after considering (1) the disparity between Petitioner's sentence and that of his co-defendants when Petitioner did not play a major role in the offense and (2) that although Petitioner qualifies as a career offender, the Guidelines do not take into account the degree of criminal conduct that puts one into that category. Whether and how much to vary from the sentencing guidelines is completely within the district court's discretion. *United States v. Jones*, 417 F.3d 547, 550-51 (6th Cir. 2005). As such, the Court finds Petitioner's request for a *greater* departure to be without merit.

## IV. Ineffective Assistance of Counsel

### A. Counsel's Failure to Protect Petitioner from the Career Offender Enhancement and resulting Sentencing Disparity

The United States Court of Appeals for the Sixth Circuit has summarized the test for ineffective assistance of counsel as follows:

> A two-prong test establishes ineffective assistance of counsel: 1) the defendant must show that his counsel's performance was deficient; and 2) prejudice must have resulted to counsel's defendant from the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984). The first prong requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. The second prong requires a showing that counsel's errors were so serious as to deprive the defendant of a fair trial. *Id.*
>
> "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies.... If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, ... that course should be followed." *Strickland*, 466 U.S. at 697, 104 S. Ct. 2052.
>
> To establish prejudice, the defendant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S. Ct. 2052. To determine if Kinnard

was prejudiced by his attorney's performance, it is necessary to determine if the proceeding was fundamentally unfair or unreliable; a court should not focus the analysis on the outcome. *Lockhart v. Fretwell*, 506 U.S. 364, 369, 113 S. Ct. 838, 122 L.Ed.2d 180 (1993).

*Kinnard v. United States*, 313 F.3d 933, 935 (6th Cir. 2002).

The Court finds that Mr. McDonagh's performance with regard to both the career offender enhancement and the sentencing disparity was not deficient under the first *Strickland* prong. First, because Petitioner's status as a career offender is clear, counsel did not perform deficiently in failing to challenge it. *See United States v. Sanders*, 404 F.3d 980, 986 (6th Cir. 2005) (trial counsel's failure to challenge what is properly done cannot rise to the level of ineffective assistance); *Harris v. United States*, 204 F.3d 681, 681 (6th Cir. 2000) (trial counsel's failure to do something that would have been futile is not ineffective assistance); *Mapes v. Coyle*, 171 F.3d 408, 413 (6th Cir. 1999) (the failure to raise meritless issues cannot be the basis of a constitutional deficiency). Second, Mr. McDonagh raised the issue of the disparity between Petitioner's sentence and that of his co-defendants through a Motion for Variance, and Petitioner presents no evidence that the motion was somehow inadequate. "Counsel is strongly presumed to have rendered adequate assistance." *Strickland*, 466 U.S. at 690, 104 S Ct. at 2066. Because Petitioner presents no evidence to rebut that presumption, counsel cannot be said to have performed deficiently.

### B. Failure to File an Appeal

The Supreme Court announced in *Roe v. Flores-Ortega*, 528 U.S. 470, 120 S. Ct. 1029 (2000), that the test for assessing ineffective assistance of counsel for failure to file a notice of appeal is the familiar two-pronged "deficiency" and "prejudice" inquiry of *Strickland*. *Id.* at 477, 120 S. Ct. at 1034.

In *Flores-Ortega*, the Court held that it is professionally unreasonable for counsel to fail to file an appeal after a defendant specifically instructs counsel to do so. *Id.* at 477, 120 S. Ct. at 1035.

6

But, the Court rejected a per se rule that counsel must always file an appeal unless specifically instructed otherwise. *Id.* at 478, 120 S. Ct. at 1035. Instead, where a defendant has neither instructed counsel to file an appeal nor instructed him not to file an appeal, a court must first determine whether counsel "consulted" with the defendant about an appeal. *Id.* Counsel properly consults when he "advis[es] the defendant about the advantages and disadvantages of taking an appeal, and mak[es] a reasonable effort to discover the defendant's wishes." *Id.* If counsel does so, he "performs in a professionally unreasonable manner only by failing to follow the defendant's *express instructions* with respect to an appeal." *Id.* (emphasis added). Should counsel fail to follow the defendant's express instructions to appeal, the court presumes prejudice to the defendant, without regard to the probability of success on appeal. *Deitz v. Money*, 391 F.3d 804, 810 (6th Cir. 2004).

If, however, counsel fails to consult with the defendant, his performance will be deemed deficient only when counsel has reason to think either: "(1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds to appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Flores-Ortega*, 528 U.S. at 480, 120 S. Ct. at 1036. Moreover, "[t]o show prejudice in these circumstances, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id.* at 484, 120 S. Ct. at 1038.

The Court finds that counsel for Petitioner was not deficient under the first *Strickland* prong. Here, there is a dispute over whether Petitioner explicitly requested that his counsel file an appeal. Petitioner has not filed a sworn affidavit. Rather, in the body of his § 2255 motion he asserts only that he "requested of his retained attorney to appeal the sentence because it was too much compared

to the sentences imposed to his codefendants." (Pet'r Mot. at 3). Petitioner provides nothing in the way of supporting information as to the circumstances under which this request was made such as where or when it occurred. Mr. McDonagh, on the other hand, has provided a supporting affidavit, which explains:

> On October 26, 2007, the day after sentencing, I wrote a letter to the Petitioner. In that letter, I summarized what had occurred at the sentencing proceeding. I had given the appeal packet to the Petitioner, and I advised him that if he wanted to appeal, he should send the documents into the Court as soon as possible. I informed him that I would not be taking any further action, but I invited the Petitioner to contact me if he had any questions or concerns.
>
> I have not had any contact with Petitioner since the day he was sentenced. He did not ask me to file any appeal. If he had done so, I would have perfected his appeal.

(McDonagh Aff. ¶¶ 20-21.)

The Court finds Petitioner's bald assertions unconvincing and instead relies on Mr. McDonagh's affidavit to find that Petitioner did not explicitly request his counsel to file an appeal. *See Cummings v. United States*, 84 F. App'x 603, 605 (6th Cir. 2003) ("[T]he district court did not commit clear error by crediting counsel's affidavit, insofar as it indicated that [Petitioner] had not asked him to file an appeal."); *Odom v. United States*, No. 99-5506, 99-5768, 2000 WL 1175598, at *3 (6th Cir. Aug. 9, 2000) (holding that district court did not clearly err in crediting defense counsel's affidavit over that of Petitioner); *Cross v. United States*, 73 F.App'x 864, 865 (6th Cir. 2003); *McKee v. United States*, 167 F.3d 103, 108 (2d Cir. 1999) (court may accept affidavits from attorneys accused of rendering ineffective assistance of counsel to their criminal clients).

Because the Court finds that no appeal was specifically requested, the next step is to determine whether counsel consulted with his client about a possible appeal. McDonagh's affidavit indicates only that he gave Petitioner the appeal packet and informed him that if he wanted to appeal, he should send in the documents. This cannot qualify as "advis[ing] the defendant about the

advantages and disadvantages of taking an appeal, and mak[ing] a reasonable effort to discover the defendant's wishes." *Flores-Ortega*, 528 U.S. at 478, 120 S. Ct. at 1035.

Even where counsel fails to consult, however, his performance will be deemed deficient only when he has reason to think either: "(1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds to appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id*. at 480, 120 S. Ct. at 1036. Here, Petitioner lacked nonfrivolous grounds for appeal in that (1) his status as a career offender is clear and (2) even if his appeal had been timely, he would have been barred from challenging the extent of the Court's downward variance, i.e. the remaining disparity between his sentence and that of his co-defendants. *Jones*, 417 F.3d at 550-51. In addition, there is nothing in the record to indicate that Petitioner reasonably demonstrated any interest in appeal. Thus, counsel's failure to consult was not deficient.

Furthermore, under the second *Strickland* prong, Petitioner was not prejudiced by his counsel's conduct. Petitioner has not demonstrated that, but for his counsel's conduct, he would have filed an appeal. *See Flores-Ortega*, 528 U.S. at 486, 120 S. Ct. at 1040. It is unlikely that Petitioner would have sought an appeal because he had no meritorious claims. *See id.* at 485, 120 S. Ct. at 1039 (the court may consider whether the claims have merit in determining whether it is likely that the Petitioner would have filed an appeal). Petitioner was informed at sentencing that his notice of appeal must be filed within ten days, was given an appeal packet, failed to contact Mr. McDonagh about filing an appeal, and did not file notice of appeal on his own until nine months later. Because counsel's conduct was not deficient, and because Petitioner suffered no prejudice, Petitioner's claims of ineffective assistance of counsel must fail.

## V. No Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reasons stated by this Court, the Court finds that reasonable jurists could not find that this Court's dismissal of each of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

## Conclusion

For these reasons, Petitioner's § 2255 Motion (docket no. 1) will be DISMISSED WITH PREJUDICE. In addition, a certificate of appealability will be DENIED as to each issue raised by Petitioner because he has failed to make a "substantial showing of a denial of a constitutional right."

A separate order will issue.

Dated: October 14, 2009        /s/ Gordon J. Quist
                               GORDON J. QUIST
                               UNITED STATES DISTRICT JUDGE